|   |   |   |
|---|---|---|
| **G.S., et.al.,** | : | |
| | : | **UNITED STATES DISTRICT COURT** |
| Plaintiffs, | : | **DISTRICT OF NEW JERSEY** |
| | : | |
| v. | : | Civil Action No. 16-2235 (BRM) |
| | : | |
| **Labcorp, et.als.,** | : | **MEMORANDUM ORDER** |
| | : | |
| Defendants. | : | |

Before the Court is Defendant Laboratory Corporation of America's application to strike the "Addendum Report" authored by Plaintiffs' Life Care Planning Expert, Dr. Harold Bialsky which was served on April 29, 2019. ECF No. 45. Plaintiffs have opposed Defendant's application. ECF No. 45 at Tab 3 and No. 47. Defendant's application was the subject of discussion during a status conference with counsel on May 31, 2019 during which the parties agreed to submit this dispute to the Court informally rather than by formal motion.

In short, Defendant contends that the Addendum Report is untimely, "fundamentally unfair and improper", and "[n]either plaintiffs nor Dr. Bialsky have provided any justification for the service of this late report." ECF no 45 at Tab 2. Defendant describes the Addendum Report as "an after-the-fact effort by Dr. Bialsky to rehabilitate his testimony and bolster his opinions post-deposition." *Id.* Accordingly, Defendant seeks an order striking the Addendum Report.

In response, Plaintiffs maintain the Addendum Report "is simply a response by Plaintiffs' expert to certain questions posed to him during his deposition". ECF No. 47. Further, Plaintiffs argue, the Addendum Report "should not be regarded as adding new, substantive opinions which serve to surprise or prejudice Defendants"; "[t]he information supplied in [the] Addendum Report does not alter, supplement or enhance [Dr. Bialsky's] deposition"; and, "to the extent that Mr. Bialsky's addendum constitutes a technical violation, if any, of Rule 26 it should be regarded as 'harmless' under Rule 37." *Id.*

Pursuant to the operative Case Management Order in this case [ECF No. 31], Plaintiffs' expert reports were to be served by June 15, 2018. Plaintiffs served Dr. Bialsky's initial report, dated May 8, 2018, on June 15, 2018. Dr. Bialsky's deposition was conducted on March 27, 2019. During his deposition, Dr. Bialsky was questioned about his knowledge of organizations that operate group homes which accept private payment rather than strictly payment through entitlement programs such as Medicaid. For example:

Q. Do you know how many of these organizations on these 14 pages have group

>homes that would be appropriate for someone with Fragile X?
>A. I am not aware.
>Q. Have you ever had any communications with any of these organizations concerning the placement of a person with Fragile X into a group home that they may run or manage?
>A. Not as it relates to this particular life care plan.

Attachment to ECF No. 47 at page 43, lines 10-21.

The Addendum Report was served on April 29, 2019, approximately 30 days after Dr. Bialsky's deposition. According to the Addendum Report, following the deposition, Dr. Bialsky "conducted additional research with regard to Group Home charges." ECF No. 44 at Tab 1. Specifically, it appears Dr. Bialsky contacted 5 of the organizations about which he was asked during his deposition to determine which do and which do not accept private reimbursement. The Addendum Report also contains additional factual information concerning the payment arrangements and billing structures of two of those organizations as well as the statement that one organization "is not considered a viable option for this Life Care Plan." *Id.*

Notably, the Addendum Report does not seek merely to correct an inadvertent error or omission. *See* Fed. R. Civ. P. 26(e)(2) (extending to experts a party's duty to supplement a disclosure if "in some material respect the disclosure or response is incomplete or incorrect.") Rather, on its face the report reflects that the expert conducted additional research and gathered new factual information not contained in his original report, and the report appears to include at least one conclusion as to the suitability of one group home for consideration in the Life Care Plan. Contrary to Plaintiffs' contention that the Addendum Report does not "alter, supplement or enhance" the expert's deposition testimony, the report appears to be an attempt to bolster the expert's original opinion — nine months after the deadline to serve expert reports expired. As Defendant correctly observes, permitting the report "runs the risk of never-ending additional fact discovery." ECF No. 45 at Tab2.

Rule 26(a) governs the disclosure of expert testimony. Rule 37(c)(1) provides, in part, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Further, deadlines in a Case Management Order may be modified only upon showing of good cause. Fed. R. Civ. P. 16(f). While, as noted above, supplementation is required under certain circumstances, "Rule 26 does not give parties the right to freely supplement, especially after court-imposed deadlines." *Hartle v. FirstEnergy Generation Corp.*, 7 F. Supp. 3d 510, 517 (W.D. Pa. 2014).

In this case, the burden is on Plaintiffs to demonstrate that the timing of their service of

the Addendum Report was consistent with the Federal Rules of Civil Procedure. Simply put, Plaintiffs have not met this burden. For the reasons above, the Court finds the Addendum Report to be an untimely and improper supplement to the report of Dr. Bialsky. Consequently,

**IT IS** on this 19th day of June 2019

**ORDERED** that the Addendum Report is STRICKEN.

    s/ Douglas E. Arpert
**DOUGLAS E. ARPERT**
**United States Magistrate Judge**